*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VELOCITY MRS FUND IV,

Plaintiff-Appellee,

v

NEXTGEN PAIN ASSOCIATES & REHABILITATION,

Defendant,

and

AUTO-OWNERS INSURANCE COMPANY,

Garnishee Defendant-Appellant.

FOR PUBLICATION
March 16, 2023

No. 358712
Oakland Circuit Court
LC No. 2020-181857-CZ

Before: CAVANAGH, P.J., SERVITTO and GARRETT, JJ.

SERVITTO, J. (*concurring*).

I agree with the result reached by the majority. I write separately merely to point out that the staff comment to the 1994 amendment to MCR 3.101 lends further support to the majority

-1-

position.  That comment states, "The defendant has 14 days after being served to file objections."[1] "The" is a definite article contemplating a singular noun or subject.  See, *Robinson v City of Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000) ("[R]ecognizing that 'the' is a definite article, and 'cause' is a singular noun, it is clear that the phrase 'the proximate cause' contemplates *one* cause.).  Thus, the staff comment reinforces the conclusion that only *the* defendant, rather than *a* garnishee defendant is permitted to file an objection to a writ of garnishment.

/s/ Deborah A. Servitto

---

[1] While staff comments to the court rules are not binding authority, "they can be persuasive in understanding the proper scope or interpretation of a rule or its terms." *People v Comer*, 500 Mich 278, 298 n 48; 901 NW2d 553 (2017).